UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESEQUIEL ZAMORA, | ) | CASE NO. CV 19-7294-MWF (PJW) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | ) ) | |
| KERN VALLEY STATE PRISON WARDEN M.D. BITER, | ) ) ) | |
| Respondent. | ) ) ) | |

On August 22, 2019, Petitioner filed a Petition for Writ of Habeas Corpus, challenging a 2010 conviction for first degree murder in the Los Angeles County Superior Court. (Petition at 1.) In it, Petitioner contends that the admission of inflammatory evidence deprived him of due process, the sentencing documents contained errors regarding the amount of restitution that was ordered, his trial and appellate counsel were constitutionally ineffective, and his conviction was obtained by inappropriate and perjured testimony . (Petition at 5-6.) From the face of the Petition, it appears that his claims are unexhausted. Alternatively, they are untimely. As such, absent further explanation from Petitioner, they will be dismissed.

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999). A district court may raise a failure to exhaust *sua sponte*. *Stone v. San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992.)

According to Petitioner, he presented his first two claims to the California Supreme Court on direct appeal in 2012 and his other claims in a habeas corpus petition that is currently pending in that court. (Petition at 5-6, 7-8.) Assuming that is the case, the entire Petition is subject to dismissal as a "mixed" petition due to the fact that some of his claims are unexhausted. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005) (explaining federal court "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.").

A review of the state appellate court website at appellatecases.courtinfo.ca.gov, however, reveals that no habeas

petition from Petitioner is currently pending in the state supreme court, although it appears that Petitioner filed a habeas corpus petition that was denied by the state supreme court in June 2012. Assuming all of his claims were properly exhausted in 2012, the Petition is untimely, as follows.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Petitioner's conviction became final on May 22, 2012--90 days after the state supreme court denied his petition for review and the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. *See, e.g., Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005). Therefore, the statute of limitations expired one year later, on May 22, 2013. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not file this Petition, however, until August 22, 2019, more than six years after the deadline. Absent statutory or equitable tolling, the Petition is untimely and must be dismissed.

IT IS THEREFORE ORDERED that, no later than **September 25, 2019**, Petitioner shall inform the Court in writing why this case should not be dismissed for the reasons set forth above. Failure to timely file a response will result in dismissal.

DATED: August 23, 2019

*/s/ Patrick J. Walsh*
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\ZAMORA, E 7294\OSC dismiss pet.wpd